STATE v. ROGER DYBEVIK.

226 N. W. 2d 321.

February 14, 1975—No. 44911.

*Norton, Jergens, Hebert & Cass* and *J. E. Cass*, for appellant.
*R. Scott Davies*, City Attorney, and *A. Keith Hanzel* and *Phillip B. Byrne*, Assistant City Attorneys, for respondent.

Per Curiam.

Defendant contends on this appeal from judgment of conviction that the prosection which resulted in his conviction of driving with .10 percent or more by weight of alcohol in his blood, Minn. St. 169.121, subd. 1(d), was barred by the double jeopardy provisions of the United States and Minnesota Constitutions. Defendant bases this contention upon the fact that the first trial on this charge (along with a charge of driving while under the influence) was terminated before verdict but after jeopardy had attached. After the witness who had made a citizen's arrest and another witness had testified at the first trial, the court, acting in response to a motion of defendant made prior to selection of the jury, dismissed the prosecution upon the ground that the court did not have jurisdiction over defendant's person because the warrantless citizen's arrest on which jurisdiction was based was illegal.[1] Since there is no evidence of prosecutorial or judicial overreaching, we hold that defendant, by moving for a dismissal, waived any right to claim that the dismissal barred reprosecution. This follows from the Supreme Court's statement in United States v. Jorn, 400 U. S. 470, 485, 91 S. Ct. 547, 557, 27 L. ed. 2d 543, 556 (1971), that "where circumstances develop not attributable to prosecutorial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error."

Affirmed.

---

[1] It should be pointed out that defendant had made a number of similar motions prior to trial but that the court had denied them on the basis of affidavits by the citizen who made the arrest. The court changed its mind after listening to the citizen's testimony.